UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO, | No. 2:15-cv-00704-TLN-BMK |
| Petitioner, | |
| v. | **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |
| ELVIN VALENZUELA, | |
| Respondent. | |

Petitioner Jose Moreno ("Petitioner") petitioned for Writ of Habeas Corpus on March 27, 2015. (ECF No. 1)  On January 9, 2017, Petitioner filed a Motion for Reconsideration (ECF No. 38) of Magistrate Judge Barry M. Kurren's December 22, 2016, Order denying Petitioner's application for bail (ECF No. 37).

Federal Rule of Civil Procedure 72(a) permits a party to file a request for reconsideration to a magistrate judge's non-dispositive order within 14 days of being served with a copy of the order.  "A district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard applies to the magistrate judge's factual findings and requires the district court to overturn the magistrate judge's ruling when the court is "left with the definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prods. of Cal., Inc., v. Constrs. Laborers Pension Trust*, 508 U.S. 602, 622 (1993).  In contrast, a "contrary to law" standard is

applied to the magistrate judge's legal conclusions and amounts to a *de novo* review. *United States v. McConney*, 728 F. 2d 1195, 1200–01 (9th Cir. 1984) (en banc) *abrogated on other grounds* by *Pierce v. Underwood*, 487 U.S. 552 (1988).

Magistrate Judge Kurren found that bail was "inapposite in a habeas action brought pursuant to 28 U.S.C. § 2254." (ECF No. 37 at 1.)  Petitioner asserts that bail is not inapposite to section 2254 because other circuits have found that bail may be granted in habeas cases and federal courts have the authority to release state prisoners on bail while a habeas petition is pending on the merits.  (ECF No. 38 at 2.)  However, Petitioner aptly points out that the Ninth Circuit has not weighed in on whether a district court may release a state prisoner on bail pending a resolution of his habeas petition.  (ECF No. 38 at 2.)  Magistrate Judge Kurren's finding is not contrary to law because the Ninth Circuit expressly declined to resolve the issue of whether district courts have the authority to grant bail in pending habeas cases. *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001).  Petitioner points to a multitude of unpublished district court cases within California that have resolved bail motions assuming such an authority existed, but does not present the Court with any binding authority in the Ninth Circuit since its 2001 decision.  Therefore, Petitioner has failed to demonstrate the order was contrary to law binding on this Court.

In an abundance of caution, the Court reviewed the record in light of the high standards set out in *Roe*.  The Ninth Circuit in *Roe* held that assuming the district court did have the authority to release a state prisoner on bail pending habeas proceedings, the court must demonstrate that it is an extraordinary case involving a high probability of success or special circumstances. *Id.*  In *Rodrigues v. Johnson*, the magistrate judge explained that courts have found a state prisoners release on bail requires a showing of both a high probability of success and special circumstances.  No. 1:13-cv-01322-BAM-HC, 2014 WL 3890679, at * 17 (E.D. Cal. Aug. 7, 2014).  Having thoroughly reviewed the record, the Court finds that Petitioner cannot meet the burden of demonstrating a high probability of success or special circumstances that would warrant bail.

///

2

1 | For the above stated reasons, The Court hereby DENIES Petitioner's Motion for Reconsideration (ECF No. 38).

IT IS SO ORDERED.

Dated: January 19, 2017

Troy L. Nunley
United States District Judge